■ In the Matter of STARSKY ROY K. BROOKLYN HOME FOR CHILDREN et al., Respondents; PATRICIA L. K., Appellant. In the Matter of JOE K., JR. BROOKLYN HOME FOR CHILDREN et al., Respondents; PATRICIA L. K., Appellant.—In two proceedings pursuant to Social Services Law § 384-b to terminate the

parental rights of the natural mother of two children, Starsky Roy K. and Joe K., Jr., also known as Hutchinson Joe K., Jr., upon the ground that the mother is presently and for the foreseeable future unable by reason of mental retardation and mental illness to provide proper and adequate care for the children, the mother appeals from two orders of disposition of the Family Court, Queens County (Cozier, J.), both dated June 20, 1988, which, after a hearing, terminated her parental rights in Starsky Roy K. and Joe K., Jr., also known as Hutchinson Joe K., Jr., respectively. The appeal brings up for review an amended fact-finding order of the same court, dated May 10, 1988, which, after a hearing, found that the mother is suffering from mental retardation and illness which renders her unable to care for the children.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

In June of 1987 a petition was filed with the Family Court, Queens County, seeking the termination of the appellant mother's parental rights on the grounds that she was mentally ill and therefore unable to care for her two children, whom she named "Starsky" and "Hutch" after a television show popular at the time the children were born.

A hearing was held at which a psychiatrist and a psychologist testified that the appellant was afflicted with mental retardation and a borderline personality disorder, manifesting itself in the appellant's persistent "impulsivity", violence, paranoia and impaired judgment. The court-appointed psychiatrist who testified at the hearing—after the appellant had been subjected to an extensive battery of tests—offered his opinion that the appellant's prognosis for improvement through therapy and other remedial services—which she habitually resisted—was "almost negligible" and that there was no reason "to expect any change in the foreseeable future in [the appellant's] ability to handle the children".

The record further reveals that prior to the filing of the instant petitions, findings of neglect had been entered against the appellant on at least two occasions resulting in the foster care placement of the two boys. Moreover, the appellant was unable to care for a third child, Rachel, who now resides with a maternal aunt. Records introduced into evidence disclosed that during the time appellant cared for Rachel, the child had been beaten regularly, not fed, and locked in a dark room, and when brought into Metropolitan Hospital suffering from hypothermia due to exposure in 1982, weighed only 15 pounds at

13 months of age. After the foregoing evidence was adduced, a finding of mental retardation and mental illness was made, and after a dispositional hearing, the appellant's parental rights were terminated. We affirm the court's determination.

The evidence adduced at the hearing clearly and convincingly established that the appellant was—and will continue to be—afflicted with mental retardation and illness resulting in fundamentally impaired judgment and an inability to provide adequately and properly for the children (see, Social Services Law § 384-b [6] [a], [b]). In this respect, we note that the evidence amply established that the appellant's significant intellectual limitations and emotional difficulties—coupled with her hostility and persistent refusal to cooperate with others and attend therapy sessions—virtually eliminated the possibility that she might benefit from medication, psychotherapy or other clinical treatments. In light of the foregoing, and considering the extensive and unrefuted evidence of the appellant's prior neglect of the children, we conclude that the record contains clear and convincing proof that the appellant is unable to care properly and adequately for the children because of mental retardation and illness and that these conditions will continue for the foreseeable future. Lawrence, J. P., Kunzeman, Rubin and Kooper, JJ., concur.